Sutherland, J., dissenting.
I agree with nearly all (perhaps I might say all) that Justice Cardozo has said in his opinion, generally, relating to the appealability of *157 orders in equity cases, settling and directing the issue or issues of fact to be tried by a jury, and yet I cannot concur in Ms conclusion, that the order in this case is not appealable. I agree, if the learned justice had denied the plaintiff’s motion, and refused to order any issue or issues to be tried by jury, that such determination or action would not have been reviewable. I agree, that in equity cases the court may, in the exercise of its discretion, order, or refuse to order, any, either or all of the issues of fact to be tried by jury, without such discretionary exercise of power, being reviewable by appeal. I agree, if an immaterial or impertinent issue, in or out of the case made by the pleadings in an equity action, is sent for trial by a jury, that the court or judge may, on the final hearing, on the pleadings, proofs and the verdict of the jury on the immaterial and impertinent issues, entirely ' disregard the verdict.
Yet, I am compelled to dissent from the conclusion, that the order appealed from in this case is not appeal-able. As I construe the allegation or statement in the complaint, of the alleged corrupt and fraudulent arrangement or agreement, the allegation or statement does not allege a corrupt and fraudulent' arrangement or agreement with the then mayor, but does allege a corrupt and fraudulent arrangement and agreement with divers members of the common council, without naming them. • The answer contains a general denial of all and every of the allegations' of fraud in the complaint. I think the order appealed from, viewed in connection with the reasons given in the opinion for limiting the issue for trial by jury as to fraud in effect, to the inquiry whether there was a fraudulent and corrupt arrangement or agreement with the then mayor, must be regarded as a judicial determination that that issue of fraud was in the case made by the pleadings, and the only triable issue of fraud in the case made by the pleadings, and that the allegation in the complaint as to a corrupt and fraudulent arrangement or agreement with divers members of the common council, without naming them, was too indefinitely stated to be re *158 garded as put in issue "by the answer, or as in the case for trial. If this is so, and I am right in my construction of the statement or allegation in the complaint of the alleged corrupt and fraudulent arrangement or agreement, it follows that the order appealed from should be regarded not only as having introduced into the case made by the pleadings an impertinent issue of fact—that is, an issue "of fact not made by the pleadings—but also as having judicially ejected from the case made by the pleadings, the principal if not the only issue of fraud and corruption made by the pleadings. If this be so, can it be that the order is not appealable ? Can it be that the order does not affect a substantial right,—that it does not materially tend to prejudice the. plaintiff ? True, on the final hearing or trial of the case, the court may try and determine the real issue or issues of fraud and corruption made by the pleadings, and disregard the verdict on the impertinent or immaterial issue outside of the case. But does it follow, because the court, on the final hearing, has power to do this, that the plaintiff may not be materially prejudiced by the order ? I think not. The defendant may move to have impertinent or irrelevant matter stricken from a complaint. If he puts if in issue by his answer, the issue Way be disregarded on the trial, but the order striking out or refusing to strike out, is nevertheless appealable. It may be said to be a substantial right of parties to have their cases tried and determined, unembarrassed and unprejudiced by immaterial irrelevant matter or issues, and the regular and convenient administration of justice requires of the courts the enforcement and protection of this right of the parties. If the allegation in the complaint of the alleged fraudulent and corrupt arrangement or agreement should be regarded as an allegation of a fraudulent and corrupt agreement with members of the common council and with the then mayor, I think the order would be appealable, because it limits the issue of fraud or corruption to be tried by jury, to the inquiry whether there was or was not a corrupt or fraudulent agreement with the mayor alone. It is plain to me, if the allegation *159 in the complaint was too indefinite or uncertain, in omitting to specify the names of the members of the common council, with whom the alleged corrupt and fraudulent agreement is alleged to have been made, that the defendants’ remedy was either a demurrer or a motion to make the allegation more definite and certain—probably the latter.
The considerations above suggested to show that the order is appealable, show also, if the order is appealable, that it should be reversed.
Appeal dismissed, with costs.